Vincent F Spata, Esq.
Attorney at Law PLLC
1275 74th Street
Brooklyn New York 11228
Tel. No:(718) 614-2127

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

_____

**JACOB KELLNER, President/CEO of**　　**DOCKET NO._____**
**I&L Distributing Inc.,**

　　　　　　　Petitioner,　　　　**PETITION**

　　　-against

**AMAZON,　AMAZON OFFICERS,**
**DIRECTORS, SHAREHOLDERS,**

　　　　　　　Respondent.
_____/


# PETITIONER'S PETITION TO MODIFY, VACATE, ARBITRATION
# AWARD PURSUANT TO FEDERAL ARBITRATION
# ACT PURSUANT TO TITLE 9 USC SECTION 10-et-al'

**ADDRESSED TO:**

**AMAZON**

C/0 Davis Wright Tremaine, LLP
　1251 Avenue of the Americas
　New York, NY 10020


　　　**PLEASE TAKE IMMEDIATE NOTICE** THAT Jacob Kellner,

President of I&L Distributing Inc., will move the Court on

January 27, 2021 , at the United States District Court For The Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, NY Via Virtual Hearing or as soon as counsel can be heard for an order modifying/vacating Arbitration Award, entered

on December 1st, 2020, by Arbitrator Carol I. Heckman, (Buffalo New York) American Arbitration Association, pursuant to the Federal Arbitration Act (FAA), Title 9 USC Section 10, et-al', where there was evident partiality, award was imperfectly executed, and Respondent failed to comply with Discovery Rules and Arbitrator, failed to compel discovery, depriving the petitioner of a full fair impartial arbitration proceeding consistent with due process, and arbitration by 'ambush', in violation of fundamental due process rights.

**Further Order,** vacating arbitration award on anti-trust violations (Sherman/Clayton Acts), which were not arbitrable, where the United States District Court has **'exclusive' jurisdiction** reviewing matters in controversy concerning the Sherman/Clayton Act, and arbitrator did not have subject-matter jurisdiction to hear or decide count on anti-trust law violations, and parties could not waive subject-matter jurisdiction, rendering the arbitration award, void in ab initio as a matter of law.

**PLEASE TAKE FURTHER NOTICE** that petitioner shall rely upon petition as filed, together with any exhibits, and waives oral argument.

A Proposed Form order is attached

*Vincent Spata*

Vincent Spata Attorney at Law PLLC.
By Vincent Spata Esq (VS5030)
1275 74th Street
Brooklyn, NY 11228
718-614-2127

# UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

_____

**In The Matter of: JACOB KELLNER,**          Docket No._____
**President/CEO of I&L Distributing Inc.,**
                    v.
                                **Petitioner,**
**AMAZON, its OFFICERS,**
**DIRECTORS, SHAREHOLDERS,**
                                **Respondent.**
_____/


## PETITIONERS IN SUPPORT OF MOTION TO MODIFY/VACATE/CORRECT ARBITRATION AWARD PURSUANT TO Title 9 Section 10 et-al', FEDERAL ARBITRAION ACT (FAA)

**NOW COMES, Jacob Kellner,** the petitioner in the above entitled matter, and who by and through his attorney, Vincent Spata, Esq., petitions this Honorable Court, to modify/vacate/correct the Arbitration Award (attached hereto) entered on December 1st, 2020.

1. That petitioner is more than 18 years of age, a citizen of the United States and a party to arbitration agreement and contract as contested herein, with Respondent Amazon, as a 'Third Party', who operated an independent **'seller store'** on the Amazon internet seller platform for 9 years.

2. That Respondent Amazon, is a party to a contract and arbitration agreement, with petitioner, now under contest, a National entity, retailor,

organized as a domestic corporation, conducting business **in commerce** throughout the United States, and in Foreign markets, primarily on the internet, with the support of independent **'seller stores'**, which petitioner was authorized to operate pursuant to contract between the parties, to sell his retail/wholesale product line **in commerce** on the amazon internet seller platform.

3. That arbitration award must be modified/vacated/corrected, pursuant to Title 9 USC Section 10/11, where
arbitrator, exceeded scope of agreement to arbitrate, in finding that Amazon had right to terminate contract between the parties, as a matter of right, which was not a question presented by petitioner, and amazon was duty bound under the agreement between the parties to provide petitioner with indispensable **prior Notice,** before exercising right to terminate, under the plain language of the contract, which was arbitrarily and capriciously ignored by arbitrator, who ignored plain language in the contract, committing serious, egregious legal error, while depriving petitioner of his right to recover ascertainable loses and other damages, caused by amazon's **'Breach of Contract',** in failure to **specifically perform** obligations made incumbent on amazon under the contract.

4. Additionally, amazon, failed to comply with discovery requests, and arbitrator failed to compel production of discovery demands, subjecting the

petitioner to a arbitration proceeding by 'ambush'.

5. That with Respect to the violations of anti-trust laws of the United States as codified under Sherman/Clayton Act, **they are not arbitrable, and arbitrator lacked subject-matter-jurisdiction, to hear or file award, where United States District Court has 'exclusive' jurisdiction pursuant to the act of congress, and the parties could not waive subject-matter-jurisdiction, and arbitration award as to is void in ab initio and must be vacated.**

## JURISDICTION

6. That this Honorable Court has jurisdiction pursuant to Title 28 Section 1331, Federal Question, Sherman/Clayton Acts, and independent source of jurisdiction pursuant to the **'Commerce Clause'**, of United States Constitution where the parties conducted business in commerce.

## FACTS IN SUPPORT OF PETITIONER APPLICATION TO MODIFY/VACATE/CORRECT ARBITRATION AWARD

7. That Title 9 USC Section 10 of the FAA states verbatim as follows:

### Title 9 United States Code § 10. vacation; grounds; rehearing

**(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) where the award was procured by corruption, fraud, or undue means;

**(2)** where there **was evident partiality** or corruption in the arbitrators, or either of them;

**(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in **refusing to hear evidence pertinent and material to the controversy;** or of any other misbehavior by which the rights of any party have been prejudiced; or

**(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.**

**(b)** If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

(c) The United States district court for the district wherein an award was made that was issued pursuant to section 580 of title 5 may make an order vacating the award upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.

8. That in the instant case the arbitrator demonstrated partiality towards Respondent amazon, when petitioner filed application to compel amazon to comply with petitioner discovery demands, and arbitrator stated she did not have authority or means to compel compliance by Respondent amazon, forcing petitioner to proceed with arbitration without indispensable discovery material as withheld by amazon in violation of discovery Rule, and in violation of petitioner due process right, to a full, fair and impartial proceeding.

9. That arbitrator decision not to compel production of indispensable discovery material as demanded by petitioner was arbitrary and capricious, forcing the petitioner into arbitration by 'ambush'.

10. That arbitrator in failing to compel discovery as demanded by petitioner violated Title 9 USC Section 10 (a)(3), **refusing to hear evidence pertinent and material to the controversy;**

11. That Respondent Amazon, must be sanctioned for failure to comply and produce discovery material as demanded by petitioner, and arbitration award must be vacated, with a Rehearing directed by the Court.

12. That arbitrator did not have subject-matter-jurisdiction to hear or decide claims raised under the anti-trust laws of the United States, (Sherman/Clayton Act), and parties could not waive subject-matter-jurisdiction.

13. That the Sherman/Clayton Acts, as codified under the United States Code, must be reviewed and decided by a Federal District Court, which has **'exclusive jurisdiction'** over the act.

That arbitrator acted in violation of **Title 9 USC Section (a) 4, <u>where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.</u>**

14. That **Arbitration Award filed on October 1st, 2020, is void in ab initio as a matter of law, and must be vacated as such**.

15. That Title 9 USC Section 11 provides verbatim as follows:

## 9 U.S. Code § 11.Same; modification or correction; grounds; order

**In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—**

**(a)** Where there was an evident material miscalculation of figures <u>**or an evident material mistake in the description of any person, thing, or property referred to in the award.**</u>

**(b)** <u>**Where the arbitrators have awarded upon a matter not submitted to them,**</u> unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c ) Where the award is imperfect in matter of form not affecting the merits of the controversy. The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

16. That arbitrator in the award, ignored the plain language of the contract between the parties mandating indispensable 'Notice' by Respondent Amazon to petitioner prior to terminating 'store seller status', on amazon internet platform.

17. That arbitrator instead held that Respondent Amazon could terminate the contract between the parties, a fact which petitioner dose not dispute, however asserts that prior 'notice', by amazon to the petitioner is **unequivocal** pursuant to

the plain language of the contract.

18. That Respondent Amazon terminated the 'seller store contract' between the parties without indispensable Notice to the Respondent, causing the Respondent to suffer ascertainable loses and other damages.

19. That had Respondent Amazon provided indispensable notice to petitioner, petitioner according to amazon policy would have had opportunity to be heard prior to termination.

## PRAYER FOR RELIEF

**WHEREFORE** petitioner pray that his Honorable Court will Grant the Relief sought, to wit, correct or vacate arbitration award of November 1st, 2020, entered in Buffalo New York, on Breach of Contract issue, and direct Rehearing de novo, and,

**Vacate Arbitration Award of November 1st, 2020**, as to Arbitration Decision on anti-trust laws of the United States, (Sherman/Clayton Act), for want of jurisdiction, declaring Award void in ab initio, as a matter of law.

_____
Vincent Spata Attorney at Law PLLC.
By Vincent Spata Esq (VS5030)
1275 74th Street
Brooklyn, NY 11228
718-614-2127