UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
JACOB KELLNER,                                          :
                                                        :     Case No. 20 Civ. 6322 (AMD)
                          Petitioner,                   :
                                                        :
           - against -                                  :
                                                        :
AMAZON, AMAZON OFFICERS,                                :
DIRECTORS, AND SHAREHOLDERS,                            :
                                                        :
                          Respondents.                 :
------------------------------------------------------- x


**MEMORANDUM OF LAW IN OPPOSITION TO PETITION
TO VACATE, CORRECT, OR MODIFY THE ARBITRATION AWARD AND
IN SUPPORT OF CROSS-PETITION TO CONFIRM THE ARBITRATION AWARD**


DAVIS WRIGHT TREMAINE LLP
Geoffrey S. Brounell
Mohammad B. Pathan
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Tel: (212) 489-8230
geoffreybrounell@dwt.com
mohammadpathan@dwt.com

*Attorneys for Respondent Amazon.com Services
LLC, sued as "Amazon, Amazon Officers,
Directors, Shareholders"*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 4

    A.    Amazon's Termination of Mr. Kellner's Selling Accounts ................................... 4

    B.    The First Federal Lawsuit ................................................................ 4

    C.    The Underlying Arbitration ............................................................ 5

    D.    This Petition ................................................................................ 8

    E.    The Second Federal Lawsuit ......................................................... 9

ARGUMENT ....................................................................................................... 9

    I.    LEGAL STANDARD .................................................................... 9

    II.    MR. KELLNER'S PETITION SHOULD BE DENIED ...................................... 10

        A.    Mr. Kellner's Petition To Vacate Should Be Denied ............................... 10

            1.    The Arbitrator's Decision Not To Compel Further Discovery Does Not Merit Vacating The Arbitration Award Under Sections 10(a)(2) Or 10(a)(3)............................................. 11

            2.    The Arbitrator's Resolution Of Mr. Kellner's Antitrust Claims Does Not Merit Vacating The Arbitration Award Under Section 10(a)(4) ....................................................... 14

        B.    Mr. Kellner's Petition To Modify Or Correct Should Be Denied ............ 15

    III.    AMAZON'S CROSS-PETITION SHOULD BE GRANTED ............................. 17

CONCLUSION ................................................................................................... 18

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Beijing Shougang Mining Inv. Co. Ltd. v. Mongolia*,
　　415 F. Supp. 3d 363 (S.D.N.Y. 2019)...................................................................17

*Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, UAW*,
　　500 F.2d 921 (2d Cir. 1974)...........................................................................12, 13

*Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*,
　　No. 96 Civ. 6441 (PKL), 2000 WL 60200 (S.D.N.Y. Jan. 25, 2000)..............15, 16

*CompuCredit Corp. v. Greenwood*,
　　565 U.S. 95 (2012)..........................................................................................14

*D.H. Blair & Co. v. Gottdiener*,
　　462 F.3d 95 (2d Cir. 2006)..............................................................................10

*Dolan v.ARC Mech. Corp.*,
　　No. 11 Civ. 09691 (PAC), 2012 WL 4928908 (S.D.N.Y. Oct. 17, 2012)..............16

*Dubois v. Macy's Retail Holds., Inc.*,
　　No. 11 Civ. 4904 (NGG) (LB), 2012 WL 4060739 (E.D.N.Y. Aug. 17, 2012)......12

*El Navigators, Inc. v. Cargill, Inc.*,
　　218 F. Supp. 232 (S.D.N.Y. 1963) ....................................................................16

*Fellus v. Sterne, Agee & Leach, Inc.*,
　　783 F. Supp. 2d 612 (S.D.N.Y. 2011)................................................................15

*GFI Sec. LLC v. Labandeira*,
　　No. 01 CIV. 00793 (JFK), 2002 WL 460059 (S.D.N.Y. Mar. 26, 2002) ..............14

*Gold v. Opera Solutions, LLC*,
　　16-CV-8121 (JPO), 2017 WL 3267770 (S.D.N.Y. Aug. 1, 2017) .........................15

*Hall St. Assocs. L.L.C. v. Mattel, Inc.*,
　　552 U.S. 576 (2008)........................................................................................9, 17

*Jackson v. Home Team Pest Def.*,
　　No. 6:13-cv-916-Orl-22TBS, 2013 WL 6051391 (M.D. Fla. Nov. 15, 2013) ........14

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
　　387 F.3d 163 (2d Cir. 2004)............................................................................14

*Katz v. Cellco P'ship*,
    12 CV 9193 (VB), 2018 WL 1891145 (S.D.N.Y. April 17, 2018)..........................................14

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
    729 F.3d 99 (2d Cir. 2013)..........................................................................................9, 10

*Lawlor v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    No. 19 Civ. 4145 (BMC), 2019 WL 6253808 (E.D.N.Y. Nov. 22, 2019) ............................16

*LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*,
    725 F.3d 184 (2d Cir. 2013)......................................................................................13

*Malone v. Credit Suisse Sec. (USA), LLC*,
    18 Civ. 6872 (VEC), 2019 WL 463434 (S.D.N.Y. Feb. 5, 2019) .........................................15

*Mitsubishi Motors Corp. v. Solerr Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985)...................................................................................................14

*Moorning-Brown v. Bear, Stearns & Co., Inc.*,
    No. 99 CV 4130 (GBD), 2005 WL 22851 (S.D.N.Y. Jan. 5, 2005).......................................12

*Morelite Const. Corp. v. New York City Dist. Council Carpenters Ben. Funds*,
    748 F.2d 79 (2d Cir. 1984).........................................................................................11

*Nat'l Football League Mgm't Council v. Nat'l Football League Players Ass'n*,
    820 F.3d 527 (2d Cir. 2016).......................................................................................11

*Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*,
    164 F. Supp. 3d 457 (S.D.N.Y. 2016), *aff'd*, 675 Fed. Appx. 89 (2d Cir. 2017) ...................12

*Ottley v. Schwartzberg*,
    819 F.2d 373 (2d Cir. 1987).......................................................................................17

*Owoyemi v. JPMorgan Chase & Co.*,
    No. 10 Civ. 6001 (DLI) (JO), 2014 WL 3809799 (E.D.N.Y. July 31, 2014)..........................13

*R.H. Cochran & Assocs., Inc. v. Sheet Metal Workers Intern. Ass'n Local Union No. 33*,
    335 Fed. App'x 516 (6th Cir. 2009) ............................................................................15

*Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*,
    668 F.3d 60 (2d Cir. 2012)......................................................................................11, 12

*Sofia Shipping Co. v. Amoco Transport Co.*,
    628 F. Supp. 116 (S.D.N.Y. 1986) ...............................................................................12

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010).................................................................................................11

*Supreme Oil Co. v. Abondolo*,
   568 F. Supp. 2d 401 (S.D.N.Y. 2008)............................................................................10, 13

*Tempo Shain Corp. v. Bertek, Inc.*,
   120 F.3d 16 (2d Cir. 1997)................................................................................................13

*Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers Local Union No. 580*,
   813 F.2d 562 (2d Cir. 1987)..............................................................................................12

*Wallace v. Buttar*,
   378 F.3d 182 (2d Cir. 2004)................................................................................................9

**Federal Statutes**

9 U.S.C.
   § 9.......................................................................................................................1, 9, 17
   § 10..................................................................................................................1, 2, 9, 10
   § 10(a)(2)........................................................................................................3, 10, 11, 12
   § 10(a)(3)................................................................................................................. *passim*
   § 10(a)(4)........................................................................................................3, 11, 14, 15
   § 11...............................................................................................................1, 9, 10, 17
   § 11(a)...........................................................................................................3, 15, 16, 17
   § 11(b)...........................................................................................................3, 15, 16, 17
   § 12.........................................................................................................................8

Federal Arbitration Act .....................................................................................1, 4, 9, 17

**Rules**

Commercial Arbitration Rule E-6.................................................................................5

Federal Rules of Civil Procedure
   11..............................................................................................................................9
   22..............................................................................................................................6
   56..............................................................................................................................6

iv

Amazon.com Services LLC, incorrectly sued as "Amazon, Amazon Officers, Directors, and Shareholders" ("Amazon"),[1] respectfully submits this memorandum of law in opposition to the petition of Jacob Kellner ("Mr. Kellner") to vacate, correct, or modify the arbitration award pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 10, 11, and in support of Amazon's cross-petition to confirm the arbitration award, pursuant to the FAA, 9 U.S.C. § 9.  The arbitration award, entered by Arbitrator Hon. Carol E. Heckman (Ret.) on December 1, 2020, resolved an arbitration between the parties by issuing a final arbitration award entirely in Amazon's favor.  For the reasons stated below, Mr. Kellner does not satisfy the heavy burden necessary to vacate an arbitration award pursuant to 9 U.S.C. § 10 and likewise fails to identify the sort of technical errors that would warrant correcting or modifying the award under 9 U.S.C. § 11.  In the absence of an order vacating, modifying, or correcting an arbitration award, the Court is statutorily required by 9 U.S.C. § 9 to confirm.

## PRELIMINARY STATEMENT

The Amazon store offers products and services to customers in more than 100 countries around the globe.  Many of these products are sold by Amazon's numerous third-party selling partners, including many small businesses.  The Amazon store allows these selling partners to utilize Amazon's site, brand, and presence to reach hundreds of millions of customers, creating a unique opportunity for these sellers to grow their customer base and sales.

Mr. Kellner was one such third-party seller.  In exchange for the privilege of selling on Amazon, Mr. Kellner—like all other Amazon sellers—agreed to the Amazon Services Business Solutions Agreement (the "BSA") and associated Program Policies.  The dispute in this case arises

---

[1] In his Petition, Mr. Kellner incorrectly identified Respondent as "Amazon, Amazon Officers, Directors, Shareholders."  The correct Respondent is Amazon.com Services LLC, the successor to Amazon Services, LLC, the entity with which Mr. Kellner did business and contracted in the United States.

1

from Amazon's termination of Mr. Kellner's seller accounts, which occurred due to Mr. Kellner's consistent and egregious violations of the BSA and the Program Policies. Among other things, Mr. Kellner:

- deceived Amazon's customers by listing used products as being in new condition when they were in fact used;

- maintained multiple accounts in the United States and Canada without express authorization to do so;

- violated intellectual property rights and had multiple trademark infringement complaints filed against his multiple accounts;

- received multiple customer complaints for false advertising, items not received, materially different items received, orders that were missing parts and poor customer service; submitted fabricated invoices to appeal his accounts' suspension; and

- practiced pre-confirm ship abuse by confirming customers' orders before they were shipped.

Following the termination of his seller accounts, Mr. Kellner filed a lawsuit in this Court, alleging claims for antitrust violations under the Sherman and Clayton Acts and breach of contract. Mr. Kellner's claims, however, were subject to binding arbitration pursuant to the BSA. Mr. Kellner thus subsequently withdrew the lawsuit and filed an arbitration demand with the American Arbitration Association (the "AAA"), asserting the same claims. Mr. Kellner agreed to proceed in the arbitration on the papers alone, without an evidentiary hearing or live witness testimony. On December 1, 2020, after the exchange of discovery and arbitration briefs, the Honorable Carol E. Heckman (the "Arbitrator") issued a Final Award entirely in Amazon's favor, concluding that Mr. Kellner failed to meet his burden of proof that he was entitled to any relief (the "Arbitration Award").

Mr. Kellner now seeks to vacate the Arbitration Award pursuant to 9 U.S.C. § 10. In this Circuit, as elsewhere, the burden to vacate an arbitration award is extremely high—district courts

must confirm the award if there is a "barely colorable justification" for the result.   Here, Mr. Kellner points to no error whatsoever, let alone the lack of a "barely colorable justification." First, Mr. Kellner asserts that there "was evident partiality" and that the arbitrator "refus[ed] to hear evidence pertinent and material to the controversy" in violation of sections 10(a)(2) and 10(a)(3) because the Arbitrator denied Mr. Kellner's motion to compel further discovery from Amazon.   "Evident partiality" under section 10(a)(2) mandates proof by clear and convincing evidence that the Arbitrator was partial to one party.   Refusal to consider evidence under section 10(a)(3) requires that "fundamental fairness is violated."   The Arbitrator's well-reasoned decision not to compel additional irrelevant and burdensome discovery from Amazon does not come close to constituting either evident partiality under section 10(a)(2) or violating fundamental fairness under section 10(a)(3).   Second, Mr. Kellner argues that the Arbitrator "exceeded [her] powers" in violation of section 10(a)(4) because she was not permitted to resolve Mr. Kellner's antitrust claims, brought pursuant to the Sherman and Clayton Acts.   This is simply incorrect.   It is black-letter law that arbitrators can resolve antitrust claims, including those brought pursuant to the Sherman and Clayton Acts.

Mr. Kellner's petition also appears to make an alternative argument:  that the Arbitration Award should be modified or corrected pursuant to 9 U.S.C. §§ 11(a) and 11(b) because the Arbitrator ignored the plain language of the contract.   Mr. Kellner misconstrues the plain text and statutory import of sections 11(a) and 11(b), which only apply if the arbitrator made "material miscalculation of figures," "material mistake in the description" of things, or "awarded upon a matter not submitted to them."   It does not apply to alleged substantive legal errors that are at the heart of the dispute resolved by the Arbitrator—here, Mr. Kellner's claim for breach of contract.

For all of these reasons, there is no merit to Mr. Kellner's petition to vacate, modify, or correct the Arbitration Award.  And in the absence of an order vacating, modifying, or correcting, the FAA requires that the Court confirm the Arbitration Award.  Amazon, therefore, respectfully requests that the Court deny Mr. Kellner's petition, grant Amazon's cross-petition, and issue a final judgment that confirms the Arbitration Award.

## FACTUAL BACKGROUND

### A.    Amazon's Termination of Mr. Kellner's Selling Accounts

In addition to selling its own inventory of products directly to consumers, Amazon allows third parties to sell on the Amazon.com marketplace.  Sellers pay Amazon fees and, in exchange, receive the benefit of gaining access to Amazon customers through the Amazon site.  The Amazon marketplace includes millions of third-party sellers.  To ensure customer confidence and the integrity of the Amazon store, Amazon sets forth clear rules for third-party seller conduct. Although the BSA provides that both Amazon and sellers may each terminate or suspend the agreement "for any reason at any time," Ex. A[2] ¶ 3, the BSA and Program Policies also explicitly prohibit certain behaviors that will result in termination of one's selling privileges.  As recounted in detail in the underlying arbitration, Mr. Kellner engaged in multiple instances of bad conduct in violation of these prohibitions, which ultimately resulted in the termination of his selling accounts. *See, e.g.*, Ex. K at 4-7.

### B.    The First Federal Lawsuit

On January 8, 2019, Mr. Kellner filed a lawsuit in this Court against Amazon.  *See Kellner v. Amazon* ("*Kellner I*"), No. 19 Civ. 131 (BMC).  In his complaint, Mr. Kellner asserted claims for "violation of the Sherman/Clayton Act" and breach of contract.  *See id.*, Dkt. No. 1 (filing of

---

[2] Ex. __ refers to exhibits annexed to the Declaration of Geoffrey S. Brounell ("Brounell Decl."), dated March 19, 2021 and filed contemporaneously with this brief.

the underlying complaint).  Undersigned counsel contacted Mr. Kellner's lawyer and informed

him that the claims were subject to binding arbitration under section 19 of the BSA.  *See* Brounell

Decl., ¶ 4, Ex. A at 6.  As a result, Mr. Kellner voluntarily withdrew his federal complaint.  *See*

*Kellner I*, Dkt. No. 7 (Notice of Voluntary Dismissal).

### C.     The Underlying Arbitration

Mr. Kellner subsequently commenced arbitration proceedings against Amazon on

March 21, 2019.  Ex. B (Demand for Arb.).  The initial demand for arbitration asserted the same

two claims as those in the federal lawsuit:  a violation of the Sherman and Clayton Acts and breach

of contract.  *Id.* at 1.  On April 2, 2019, Mr. Kellner provided an "additional statement of demand."

Ex. C.  Amazon filed its answer on April 16, 2019.  Ex. D.  On June 3, 2019, the parties held an

administrative conference, the results of which were memorialized in a memorandum with the

same date.  Brounell Decl. ¶ 9, Ex. E.  Among other things, the parties agreed that the arbitration

would proceed with one arbitrator and pursuant to Rule E-6 of the AAA's Commercial Arbitration

Rules, *i.e.*, on the papers alone, and without an evidentiary hearing or live witness testimony.  *See*

*id.*  On July 1, 2019, the Honorable Carol E. Heckman (Ret.)[3] was selected as the Arbitrator.  Ex.

F (Notice of Appointment).  The Arbitrator issued an order on August 23, 2019 (the "August 23rd

Order") after holding an initial conference with the parties on August 20, 2019.  Brounell Decl.

¶ 11, Ex. G.  The August 23rd Order again confirmed Mr. Kellner's agreement that the arbitration

would proceed on an exchange of documents, without an evidentiary hearing or live witness

testimony, and set a schedule for the exchange of discovery and briefs.  *See id.*, Ex. G at 1.  Pursuant

---

[3] The Honorable Carol E. Heckman served as a Magistrate Judge for the Western District of New York for eight years. Judge Heckman graduated Cornell Law School in 1977 *magna cum laude* and received a B.A. from Lawrence University in 1974.  She is admitted to the New York Bar and has over 40 years of experience as a trial lawyer and judge.  *See* https://www.lippes.com/team/carol-e-heckman-46.

to the August 23rd Order, the discovery deadline was February 28, 2020 and all discovery requests were to be made and responded to prior to that date.  Ex. G at 1-2.  Amazon subsequently produced documents in accordance with that discovery schedule, as did Mr. Kellner.  Brounell Decl. ¶ 12.

On February 24, 2020—four days before the close of discovery—Mr. Kellner served interrogatories and requests for documents on Amazon, purportedly pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See id.* ¶ 13, Ex. H.  On February 28, 2020, the Arbitrator heard oral argument on Amazon's objections to these requests, during which Mr. Kellner withdrew all of the interrogatories and all of the document requests except for document request numbers 3, 4, and 8.  *Id.* ¶¶ 14-15, Ex. I at 1.[4]  After further briefing from both Amazon and Mr. Kellner on the issue, the Arbitrator issued an order dated March 9, 2020.  *Id.* ¶ 15, Ex. I.  The Arbitrator first clarified that the governing rule was Rule 22 of the AAA Commercial Rules, not Rule 56 of the Federal Rules of Civil Procedure, and that Rule 22 provided the Arbitrator with broad authority to manage discovery.  Ex. I at 2.  The Arbitrator then sustained Amazon's objections.  *Id.* at 2-3.  In regard to document request numbers 3 and 4, the Arbitrator held that, among other things, Mr. Kellner's requests for all complaints pertaining to terminations of third-party seller accounts and alleged antitrust violations were unduly burdensome, sought material not directly relevant to Mr. Kellner's claims, and to the extent that they sought public records, sought information that was already available to Mr. Kellner.  *Id.*  In regard to document request number 8, the Arbitrator held that Mr. Kellner's request for all of Amazon's confidential settlements with third-party sellers

---

[4] Request No. 3 sought "[a]ll complaints filed by consumers alleging wrongful termination of store platform accounts, by defendant"; Request No. 4 sought "[a]ll complaints filed by any consumer, or any other party including private or commercial alleging defendant is or has engaged in a pattern of conduct in violation of the anti-trust laws of the United States, including but not limited to monopolistic practices, anti-competition practices, elimination of competition practices, and price fixing practices"; Request No. 8 sought that Amazon "[i]dentify all out of court settlements reached between defendant any seller of Amazon store platforms."  Ex. H.

inappropriately sought "material that is confidential and protected from disclosure by the terms of such out of court settlements." *Id.*

After requesting three extensions of time, Mr. Kellner ultimately filed, serving his opening brief on August 27, 2020. *Id.* ¶ 16, Ex. J. Amazon filed its brief on October 13, 2020; Mr. Kellner filed his reply on October 27, 2020. *Id.* ¶¶ 17-18, Exs. K, L.

On December 1, 2020, the Arbitrator issued an Award entirely in Amazon's favor. Ex. M. In regard to Mr. Kellner's antitrust claims pursuant to the Sherman and Clayton Acts, the Arbitrator concluded that Mr. Kellner's claim failed for three independent reasons. *Id.* at 4-5. First, the Arbitrator found that Kellner failed to meet his burden of proof. Specifically, the Arbitrator noted that Kellner failed to cite "evidence or case law to support his claims" and, instead, Kellner proffered conclusory assertions that there is a "mountain of evidence supporting [his] charges," but that the evidence "cannot be submitted physically into the record" due to its "sheer volume." Ex. M at 4. Second, the Arbitrator found that Kellner's legal arguments also failed. *Id.* at 4-5. Kellner argued that the termination of his seller accounts constituted a *per se* violation of antitrust laws. *Id.* The Arbitrator rejected Kellner's argument in finding that "vendor agreements are indisputably vertical agreements" and are analyzed under the rule of reason. *Id.* at 5. Under the rule of reason, the Arbitrator found that Kellner failed to show that the termination of his seller accounts was actionable: (i) Kellner had not alleged an exclusive supplier or dealer relationship with Amazon; (ii) he did not establish that Amazon was engaged in tying; (iii) he did not allege that a price squeeze was involved; and (iv) he had not demonstrated that the termination constituted an actionable refusal to deal. *Id.* Third, the Arbitrator found that Kellner's alleged damages (*i.e.*, injury to his own business) did not amount to harm to market-wide competition and, therefore, he had not suffered an antitrust injury. *Id.*

Kellner's second claim alleged that Amazon breached the BSA by terminating his seller accounts without notice. *Id.* at 5-6. The Arbitrator found that this claim also failed for the following three reasons. First, the Arbitrator found that under both applicable Ninth Circuit law and the plain terms of section 3 of the BSA, Amazon was entitled to "terminate its contractual relationship with Kellner 'at any time' and 'for any reason'" and, therefore, was not required to give notice. *Id.* at 6; *see also* Ex. A ¶ 3. Second, notwithstanding the fact that notice was not required, the Arbitrator found that Amazon put forward sufficient evidence that Kellner was provided adequate notice of termination: "there were multiple communications between the parties regarding account suspensions, policy violation warnings, appeals, reinstatements and continued violations" and, therefore, "[Kellner] was clearly on notice that he had to correct the deficiencies identified by Amazon at the risk of permanently losing his selling privileges." Ex. M at 6. Third, the Arbitrator found that even if Kellner were to state a claim for breach of the BSA, he would not be entitled to seek damages for lost profits, lost revenues, or lost investments in the underlying arbitration because § 8 of the Agreement limited Amazon's liability for such damages. *Id.*, Ex. A § 8.

Finally, although Kellner did not allege a claim for "breach of good faith" in either his "Demand for Arbitration," Ex. B, or his "Additional Statement of Demand," Ex. C, Kellner argued in his opening brief that Amazon violated a duty of "implied good faith" to Kellner. The Arbitrator found that "there is no independent cause of action for breach of good faith under Washington law." Ex. M at 6-7.

### D.   This Petition

On December 29, 2020, Mr. Kellner filed his petition with this Court, which sought to vacate, modify, or correct the Arbitration Award. (*See* Dkt. No. 3 ("Petition").). Although Mr. Kellner never properly served Amazon as required by 9 U.S.C. § 12, Amazon agreed to waive

service to expeditiously resolve this matter.  (*See* Dkt. No. 10.)  On February 25, 2020, the Court "so ordered" the parties' jointly-proposed briefing schedule.

### E.      The Second Federal Lawsuit

On January 25, 2021, Mr. Kellner filed a second federal lawsuit in this Court, docketed as 21 Civ. 395 (NGG) (VMS).  Although this second lawsuit is nearly identical to the first federal lawsuit and the underlying arbitration (and thus, this Petition), it was not marked as related to either.  Moreover, as undersigned counsel stated in his correspondence with Mr. Kellner's lawyer, this second lawsuit should be immediately withdrawn pursuant to the obligations set forth in Rule 11 of the Federal Rules of Civil Procedure—it is not only barred by the doctrine of collateral estoppel in light of the Arbitration Award but it is also subject to the same binding arbitration provision in the BSA that applied to Mr. Kellner's first federal lawsuit.  To date, Mr. Kellner's counsel has not provided any legal justification for maintaining this second federal lawsuit in this Court.  Amazon has yet to receive proper service of this second lawsuit.

## ARGUMENT

## I.      LEGAL STANDARD

The FAA provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).  Pursuant to § 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs. L.L.C.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9).

A petition brought under the FAA is "not an occasion for de novo review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).  Rather, "[t]he role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the [FAA].'" *Kolel Beth Yechiel Mechil of Tartikov, Inc.*

*v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997)). "This deference promotes the 'twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation.'" *Id.* (quoting *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009)). "Consequently, the burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" *Id.* at 103-04 (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). Put in starker terms: even if the court is convinced that "the arbitrator committed serious error, the award should not be vacated so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (internal quotation marks omitted).

In this case, for the reasons elaborated below, Mr. Kellner falls far short of the high burden necessary to vacate, modify, or correct the Arbitration Award. Accordingly, this Court should deny Mr. Kellner's petition, grant Amazon's cross-petition, and confirm the Arbitration Award.

## II. MR. KELLNER'S PETITION SHOULD BE DENIED

Mr. Kellner seeks to vacate the Arbitration Award pursuant to 9 U.S.C. § 10, or in the alternative, to correct or modify the Arbitration Award pursuant to 9 U.S.C. § 11. For the reasons stated below, the Petition should be denied in its entirety.

### A. Mr. Kellner's Petition To Vacate Should Be Denied

Mr. Kellner petitions to vacate on three separate provisions under 9 U.S.C. § 10: for "evident partiality" under section 10(a)(2); for "refusing to hear evidence pertinent and material to

the controversy" under section 10(a)(3); and "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made" under section 10(a)(4).  The petition should be denied for each.

> **1.     The Arbitrator's Decision Not To Compel Further Discovery Does Not Merit Vacating The Arbitration Award Under Sections 10(a)(2) Or 10(a)(3)**

Mr. Kellner's argument for vacatur under the first two provisions—sections 10(a)(2) and 10(a)(3)—is based on the same assertion:  that the Arbitrator either demonstrated partiality or refused to hear pertinent and material evidence because she denied Mr. Kellner's motion to compel additional discovery in her March 9, 2020 order.  *See* Petition at ¶¶ 8-11.  As an initial matter, it is worth emphasizing that Mr. Kellner voluntarily withdrew all of his discovery requests except for three:  document requests numbers 3, 4, and 8.  *See* Ex. I at 1.  In the March 9, 2020 order, the Arbitrator sustained Amazon's objections to producing any further documents in relation to those three requests, because they sought burdensome and irrelevant information (document request numbers 3 and 4) or sought information that was confidential (document request number 8).  *Id.* at 2-3.  In any event, the Arbitrator's decision not to compel further discovery from Amazon does not merit vacating the Arbitration Award pursuant to either section 10(a)(2) or section 10(a)(3).

"[E]vident partiality within the meaning of 9 U.S.C. § 10[(a)(2)] will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration."  *Morelite Const. Corp. v. New York City Dist. Council Carpenters Ben. Funds*, 748 F.2d 79, 84 (2d Cir. 1984); *see also Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (same).  The party challenging the award must prove the existence of evident partiality by clear and convincing evidence.  *See Nat'l Football League Mgm't Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016); *accord Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (the party challenging an

11

award on the basis of evident partiality "must clear a high hurdle").  Mere "speculation" and allegations of the "appearance" of bias are not enough.  *See Sofia Shipping Co. v. Amoco Transport Co.*, 628 F. Supp. 116, 119-20 (S.D.N.Y. 1986).

In this case, Mr. Kellner does not even offer "speculation" regarding the Arbitrator's potential bias; rather he seems to posit that the Arbitrator's decision not to compel further discovery constitutes proof of bias sufficient to satisfy section 10(a)(2).  *See* Petition ¶ 8.[5]  This is incorrect.  An unfavorable decision alone is not sufficient proof of "evident partiality."  *See Scandinavian Reins. Co.*, 668 F.3d at 75 ("[w]e have repeatedly said that adverse rulings alone rarely evidence partiality"); *Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers Local Union No. 580*, 813 F.2d 562, 565 (2d Cir. 1987) ("the fact that the arbitrator found in favor of the [respondent] clearly does not satisfy [petitioner's] burden of showing partiality" in petitioning to vacate an arbitration award); *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 481 n.28 (S.D.N.Y. 2016) (adverse rulings against a party by itself do not indicate unfair bias), *aff'd*, 675 Fed. Appx. 89 (2d Cir. 2017).  Indeed, "'[b]ias is not even established by showing that an arbitrator consistently agrees with the arguments of one side and repeatedly finds in their favor.'"  *Dubois v. Macy's Retail Holds., Inc.*, No. 11 Civ. 4904 (NGG) (LB), 2012 WL 4060739, at *7 (E.D.N.Y. Aug. 17, 2012) (quoting *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 260 (S.D.N.Y. 2000)); *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, UAW*, 500 F.2d 921, 923 (2d Cir. 1974) (the fact that an "arbitrator consistently relied on evidence and reached conclusions favorable to [one party] . . . does not establish 'evident partiality.'");

---

[5] In so doing, Mr. Kellner actually misrepresents to this Court the basis for the Arbitrator's decision.  He asserts that the "arbitrator stated she did not have authority or means to compel compliance by Respondent Amazon, forcing petitioner to proceed with arbitration without indispensable discovery material."  Petition ¶ 8.  That is not what the Arbitrator held: she sustained Amazon's objections to the remaining document requests because they sought irrelevant, burdensome, and confidential material.  Ex. I at 2-3.

*Moorning-Brown v. Bear, Stearns & Co., Inc.*, No. 99 CV 4130 (GBD), 2005 WL 22851, at *5 (S.D.N.Y. Jan. 5, 2005) ("Simply because the arbitrators consistently agreed with the arguments of one side and repeatedly found in their favor does not, standing alone, show that the arbitrator was biased." (citing *Bell Aerospace Co.*, 500 F.2d at 932)).  Accordingly, there is no basis for Mr. Kellner's claims that the Arbitrator was biased in favor of Amazon.  The motion to vacate should therefore be denied on this ground.

Mr. Kellner also argues that the Arbitrator's decision not to compel further discovery constitutes a "refus[al] to hear evidence pertinent and material to the controversy" in violation of section 10(a)(3).  *See* Petition ¶ 10.  Courts in the Second Circuit "do not examine an arbitrator's evidentiary decisions unless the arbitration proceedings were fundamentally unfair."  *Owoyemi v. JPMorgan Chase & Co.*, No. 10 Civ. 6001 (DLI) (JO), 2014 WL 3809799, at *4 (E.D.N.Y. July 31, 2014) (citing *M. Slavin & Sons, Ltd. v. Cirillo*, No. 90-CV-1340 (ERK), 1990 WL 299933, at *3 (E.D.N.Y. May 18, 1990)); *see also*, *e.g.*, *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) ("Courts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review.").  Further, "[i]n handling evidence an arbitrator need not follow all the niceties observed by the federal courts.  [Sh]e need only grant the parties a fundamentally fair hearing."  *Bell Aerospace Co.*, 500 F.2d at 923.

Here, and as discussed, after Mr. Kellner voluntarily withdrew almost all of his discovery requests, the Arbitrator determined that the three remaining document requests were burdensome, irrelevant, or requested confidential information.  *See* Ex. I at 2-3.  "Arbitrators have substantial discretion to admit or exclude evidence."  *LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*, 725 F.3d 184, 195 (2d Cir. 2013); *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 408

(S.D.N.Y. 2008) ("Arbitrators possess great latitude to . . . restrict or control evidentiary submissions."). The Arbitrator's well-reasoned decision to sustain Amazon's discovery objections did not deny Kellner a fundamentally fair hearing. *See Katz v. Cellco P'ship*, 12 CV 9193 (VB), 2018 WL 1891145, at *6 (S.D.N.Y. April 17, 2018) (arbitrator's adverse evidentiary decision falls "'comfortably within [the arbitrator's] broad discretion to admit or exclude evidence and raises no questions of fundamental fairness.'") (quoting *Nat'l Football League Mgmt.*, 820 F.3d at 546); *GFI Sec. LLC v. Labandeira*, No. 01 CIV. 00793 (JFK), 2002 WL 460059, at *6 (S.D.N.Y. Mar. 26, 2002) ("An award cannot be set aside [under 9 U.S.C. § 10(a)(3)] because of an arbitrator's refusal to hear . . . irrelevant evidence."). Mr. Kellner's motion to vacate pursuant to section 10(a)(3) should also be denied.

### 2. The Arbitrator's Resolution Of Mr. Kellner's Antitrust Claims Does Not Merit Vacating The Arbitration Award Under Section 10(a)(4)

Mr. Kellner also argues that the Arbitration Award must be vacated because the Arbitrator exceeded her power under section 10(a)(4) by resolving his claims asserted under the Sherman and Clayton Acts. Mr. Kellner's position is "[t]hat the Sherman/Clayton Acts, as codified under the United States Code, must be reviewed and decided by a Federal District Court, which has '*exclusive jurisdiction*' over the act." Petition ¶ 13 (emphasis in the original). On this point, Mr. Kellner is simply wrong as a matter of black-letter law. The United States Supreme Court has explicitly held that antitrust claims, including those asserted under the Sherman and Clayton Acts, may be arbitrated. *Mitsubishi Motors Corp. v. Solerr Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634-640 (1985); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 101 (2012) ("And in *Mitsubishi Motors* we enforced an arbitration agreement with respect to a cause of action created by a provision of the Clayton Act"); *see also, e.g.*, *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 175 (2d Cir. 2004) (finding that the Plaintiff's Sherman Act claims were arbitrable); *Jackson v.*

*Home Team Pest Def.*, No. 6:13-cv-916-Orl-22TBS, 2013 WL 6051391, at *8 (M.D. Fla. Nov. 15, 2013) ("claims under Section 4 of the Clayton Act . . . are arbitrable."). Accordingly, Mr. Kellner's motion to vacate pursuant to section 10(a)(4) should be denied.[6]

## B.   Mr. Kellner's Petition To Modify Or Correct Should Be Denied

In the alternative, Mr. Kellner appears to argue that the Arbitration Award should be modified or corrected pursuant to 9 U.S.C. §§ 11(a) and 11(b) because the Arbitrator "ignored the plain language of the contract between the parties." Petition ¶ 16; *see also id.* ¶¶ 17-19. Mr. Kellner misunderstands the statutory import of these provisions. Neither section 11(a) nor section 11(b) apply to substantive legal errors, such as a disagreement with the reading of the underlying contract. The petition to modify or correct must therefore be denied.

Section 11(a) permits the modification or correction of an award if there is "an evident material miscalculation of figures" or "an evidence material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a). As indicated by this plain text, section 11(a) is designed "to correct typographical, clerical, and other obvious errors." *Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441 (PKL), 2000 WL 60200, at *7 (S.D.N.Y. Jan. 25, 2000) (citation omitted). "Section 11(a) does not permit modification based on alleged mistakes regarding substantive disputes at the heart of the arbitration. It is improper for a court to review the arbitrators' decision on the merits." *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 622 (S.D.N.Y. 2011); *Gold v. Opera Solutions, LLC*, 16-CV-8121 (JPO), 2017 WL 3267770, at *3 (S.D.N.Y. Aug. 1, 2017) (denying a petition

---

[6] Entirely separately, Mr. Keller's failure to raise the issue of the Arbitrator's jurisdiction over the claims *he asserted himself and brought to arbitration* constitutes a waiver of the argument. *R.H. Cochran & Assocs., Inc. v. Sheet Metal Workers Intern. Ass'n Local Union No. 33*, 335 Fed. App'x 516, 522 (6th Cir. 2009) ("[t]his Court has recognized that in a motion to vacate an arbitration award, arguments not raised before the arbitrator are waived."); *Malone v. Credit Suisse Sec. (USA), LLC*, 18 Civ. 6872 (VEC), 2019 WL 463434, at *1 (S.D.N.Y. Feb. 5, 2019) ("Because he waived that argument by knowingly completing the arbitration without objection, [plaintiff's] petition to vacate is denied, and [defendant's] petition to confirm is granted.").

to modify an arbitration award under § 11(a) where the Court discerned "'no miscalculation of figures, material or otherwise'" and movant did "'not point to a clear mathematical or clerical error'" but rather sought "'modification on substantive grounds.'") (quoting *Cardinale v. 267 Sixth Street LLC*, No. 13 Civ. 4845 (JFK), 2014 WL 4799691, at *10 (S.D.N.Y. Sept. 26, 2014)); *Dolan v.ARC Mech. Corp.*, No. 11 Civ. 09691 (PAC), 2012 WL 4928908, at *6 (S.D.N.Y. Oct. 17, 2012) ("'Section 11(a) does not permit modification where the award is not the result of some careless or obvious mathematical mistake, but rather the disposition of a substantive dispute[.]'" (quoting *Fellus*, 783 F. Supp. 2d at 619)).  Mr. Kellner's argument regarding the Arbitrator's reading of the contract goes to the heart of the substantive dispute between the parties and does not provide a ground for modification or correction pursuant to section 11(a).

Similarly, section 11(b) allows for modification or correction if the "arbitrators have awarded upon a matter not submitted to them."  9 U.S.C. § 11(b).  For purposes of section 11(b), "[a] matter is considered 'submitted' where it was 'placed before [the arbitrator] for adjudication under circumstances which afforded the parties adequate notice.'"  *Lawlor v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 19 Civ. 4145 (BMC), 2019 WL 6253808, at *2 (E.D.N.Y. Nov. 22, 2019) (quoting *Sociedad Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S. Co.*, 184 F. Supp. 738, 742 (S.D.N.Y. 1960)) (alteration in original).  There can be no doubt that Mr. Kellner "submitted" his breach of contract claim to the Arbitrator.  The claim appeared in Mr. Kellner's initial demand, *see* Ex. B, his additional statement of demand, *see* Ex. C, and in his briefs, *see* Exs. J and L.  The Arbitrator plainly awarded upon a matter submitted to her when she ruled in favor of Amazon and denied Mr. Kellner's claim of breach of contract.  *Cf. El Navigators, Inc. v. Cargill, Inc.*, 218 F. Supp. 232, 235 (S.D.N.Y. 1963) (holding that a matter was "submitted" for purposes of section 11(b) when "the issue actually decided was the matter submitted to the

arbitrators"); *Companhia,* 1997 WL 16663, at \*6 (finding that respondent's petition to modify or correct an arbitration award under § 11(b) failed where the questions presented to the arbitrator by the parties were the exact questions addressed by the arbitrator in the final award).  .

For the foregoing reasons, Mr. Kellner's claim to modify or correct the Arbitration Award pursuant to sections 11(a) and 11(b) should be denied.

## III.   AMAZON'S CROSS-PETITION SHOULD BE GRANTED

Because there is no merit to Mr. Kellner's petition to vacate, modify, or correct, this Court must grant Amazon's cross-petition and confirm the Arbitration Award under the FAA.  9 U.S.C. § 9 provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

According to the Supreme Court, the language of this section is not flexible, and "unequivocally tells the courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs. L.L.C.*, 552 U.S. at 587.  In *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987), the Second Circuit noted that absent a "statutory basis for modification or vacatur, the district court's task was to confirm the arbitrators' final award as mandated by Section 9 of the [FAA]." Since an arbitrator's decision is treated with deference, "[c]onfirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court." *Beijing Shougang Mining Inv. Co. Ltd. v. Mongolia,* 415 F. Supp. 3d 363, 368 (S.D.N.Y. 2019).

For all of the reasons stated above, there are no grounds to vacate, modify, or correct the Arbitration Award.  Accordingly, the Arbitration Award (Ex. M) should be summarily confirmed.

## **CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that this Court deny Mr. Kellner's

petition, grant Amazon's cross-petition, and issue a final judgment that confirms the Arbitration

Award.

Dated: New York, New York
      March 19, 2021

                          DAVIS WRIGHT TREMAINE LLP

                          By: */s/ Geoffrey S. Brounell*
                                Geoffrey S. Brounell
                                Mohammad B. Pathan

                          1251 Avenue of the Americas, 21st Floor
                          New York, NY  10020-1104
                          Tel: (212) 489-8230
                          geoffreybrounell@dwt.com
                          mohammadpathan@dwt.com

                          *Attorneys for Respondent Amazon.com Services*
                          *LLC, sued as "Amazon, Amazon Officers,*
                          *Directors, Shareholders"*