UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

**JACOB KELLNER,**                    Case No. 20 Civ. 6322 (AMD)

                          Petitioner,            Civil Action

       -against-

**AMAZON, AMAZON OFFICERS,
DIRECTORS, AND SHAREHOLDERS,**

                    Respondents.
_____/


**PLAINTIFF'S OPPOSITION TO DEFENDANT MEMORANDUM
OF LAW FILED IN OPPOSITION TO PLAINTIFF PETITION TO
VACATE, MODIFY OR CORRECT ARBITRATION AWARD, AND
PETITIONER OPPOSITION TO RESPONDENT CROSS MOTION TO
<u>AFFIRM/CERTIFY</u> <u>ARBITRATION AWARD</u>**


    **Now Comes, Jacob Kellner, the plaintiff in the above-entitled matter, and who by and through his attorney Vincent Spata , Esq.,** files brief in opposition to defendant Memorandum of Law, filed on March 19th, 2021, in opposition to petitioner petition to vacate, modify, correct, Arbitration Award, and petitioner's opposition of Respondent cross-motion to confirm and certify arbitration award and in support thereof Respectfully states and alleges as follows.

1.

# **PRELIMINARY STATEMENT**

1. This PETITION comes before the Court in part pursuant to a **jurisdictional challenge** by the petitioner of **related Arbitration Award**, issued by an **unenlightened** arbitrator who had **no jurisdiction whatsoever to hear or decide claims of antitrust violations under the Sherman/Clayton Act,** and who in other part exceeded the authority of an arbitrator in deciding federal anti-trust law violation claims **reserved 'exclusively'** to the Federal District Court, as set forth more fully below, and in arbitrator **rewriting the contract** on petitioner claim of **'breach of contract'**, **ignoring the plain language of the contract requiring indispensable 'Notice'** by Respondent Amazon to the petitioner prior to terminating petitioner's amazon online internet platform accounts, with the **fatally flawed** arbitration award constituting an **arbitrary & capricious award which must be vacated, modified, or corrected,** as a matter of law.

2. Petitioner counsel **relying on respondent Amazon notification** that under Section 19 of the Amazon BSA contract between the parties Binding Arbitration was mandatory, and petitioner voluntarily withdrew original Federal Civil Action in the interest of judicial economy and proceeded to arbitration. Importantly, the arbitrator should have known the limits to her jurisdiction, yet continued to hear and decide all matters on submission.

3. That one of the claims submitted to arbitration was alleged violations of the **Sherman/Clayton Acts, which are Federal Anti-Trust Statutes**, reserved

'**<u>exclusively</u>**' **for review by the United States District Court, and not an arbitration proceeding under the Amazon BSA.**

4.     That following the arbitrator's review, decision and award,  the petitioner files instant petition challenging the **indispensable jurisdiction** of the arbitrator to hear or decide matters involving alleged violations of the Federal Sherman/Clayton Act, anti-trust laws, and further seeks review by this Honorable Court based upon the arbitrator's **arbitrary and capricious** award, exceeding arbitrator's authority during arbitration, failing to enforce the contract between the parties as written, and wrongfully, or erroneously  denying  petitioner's breach of contract claim, and this instant petition for review now follows.

### ARBITRATOR LACKED SUBJECT-MATTER-JURISDICTION, and JURISDICTION IN PERSONA, TO HEAR OR DECIDE CLAIMED VIOLATIONS OF THE SHERMAN/CLAYTON ACT AND ARBITRATION <u>AWARD MUST BE VACATED</u>

5.     We begin by opposing each and every argument Respondent Amazon has raised in their opposition brief (MOL) to Petitioner's Motion To Vacate, Modify or Correct Arbitration Award in controversy, and in opposition to Respondent Amazon cross-petition to certify arbitration award, as **<u>frivolous, without merit</u>**, and contrary to  *Black Letter Law* in part.

3.

## ARBITRATOR HAD <u>NO JURISDICTION WHATSOEVER</u> TO HEAR OR DECIDE CLAIMS OF ANTI-TRUST LAW VIOLATIONS UNDER SHERMAN/CLAYTON ACT AND ARBITRATION AWARD MUST BE <u>VACATED, MODIFIED OR CORRECTED BY THE COURT</u>

6.   Respondent Amazon argues that the arbitrator had jurisdiction to hear and decide petitioner's anti-trust violation claims on submission under the contract between the parties, (BSA), **WRONG! AND HERE's WHY!**

7.   It is well settled and beyond dispute that the United States District Court, has **'<u>EXCLUSIVE</u>'** jurisdiction over all actions involving violations of the Federal anti-trust laws of the United States, (Sherman/Clayton Acts).

8.   In 1920, the question of **'<u>EXCLUSIVE</u>' Jurisdiction** over actions involving claimed violations of the federal anti-trust laws was resolved by the United States Supreme Court, in deciding ***<u>Blumenstock Bros. Advertising Agency v. Curtis Publishing Co.,</u>*** 254 U.S. 436, 440-41(1920), also; ***<u>Marrese v. American Academy of Orthopedic Surgeons,</u>*** 692 F.2d, 1083, 1090, (7th Cir. 1992), modified on ***<u>rehearing, 726 F.2d, 1150, en banc.;</u>*** ***<u>reversed, 105 S. Ct. 1337 (1985),</u>*** comment: Exclusive Jurisdiction of Federal Courts in private civil actions; **70 Harv. L. Rev. 509, 510-511, N-13 (1957),** that exclusive jurisdiction is generally taken for granted.

9.   That as Respondent counsel admits in respondent MOL brief, he informed petitioner counsel that BSA made it mandatory that all controversies including BSA controversies and claimed violations of United States anti-trust laws must be

submitted to binding arbitration as per the BSA, and petitioner counsel relying on **Respondent counsel misrepresentation** withdrew federal civil action in the interest of the judicial economy and submitted all controversies to arbitration.

10. That petitioner counsel **did not withhold** filing federal court civil action in bad faith, but to the contrary upon final review of arbitrator's award, arbitrator was **clearly unenlightened** on federal anti-trust law, which caused counsel to take a second look at jurisdiction, revealing that Federal District Court was granted **Exclusive Jurisdiction of federal anti-trust laws**, **including private actions,** and instant petition now follows, asserting that arbitration award now in controversy simply <u>**cannot be certified**</u> by this Honorable Court and must be vacated, modified, or corrected as a matter of law, with rehearing de novo before the court granted.

11. **Section 4 of the Clayton Act** provides that any person injured "by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States, and recover treble damages, costs and attorney fees.

12. In 1920 the Supreme Court interpreted a commentary section of the Sherman Act as vesting the federal courts with **exclusive jurisdiction** over federal anti-trust laws.

5.

13. That this Honorable Court has **exclusive jurisdiction** over the federal question involving federal anti-trust laws, as assigned by the Congress of the United States, and **respondent counsel is arguing contrary to Black Letter Law,** where the question of jurisdiction is well settled as held by our United States Supreme Court since 1920, supra., **and arbitration award as related to federal anti-trust laws must be vacated, and rehearing or hearing de novo must be granted.**

## JURISDICTION CAN BE RAISED AT ANY TIME DURING THE PROCEEDINGS, EVEN UPON FINAL ORDER, OR FOR THE FIRST TIME ON APPEAL.

14. That respondent **counsel erroneously argues** that petitioner should have raised jurisdictional claim earlier, after **misleading petitioner counsel** into believing that binding arbitration was mandatory under the contract (BSA) between the parties, and petitioner counsel relied on the misrepresentation of respondent counsel.

15. That respondent counsel argument concerning the timeliness of petitioners jurisdictional claim is **frivolous and without any merit whatsoever**, and our United States Supreme Court agrees. see: *Basso v. Utah Power & Light CO*., 495 2nd 906 at 910. also see: *Owens v. City of Independence*, 448 U.S. 1, 100 S. Ct 2502: *Hafer v. Melo*, 502 U.S. 21, also, *Sanchez v Hester, 911 S.W.2D.173*, (Tex.

6.

App.-Corpus Christi 1995).

*'The law provides that once State and Federal Jurisdiction has been Challenged it must be proven'.* <u>Main v. Thiboutot</u>, *100 S. Ct. 2502 (1980).*

*Void judgement under Federal Law is one in which rendering Court Lacked Subject-Matter- Jurisdiction over dispute or Jurisdiction of the parties or acted in A manner not consistence with Due Process in Law or otherwise acted unconstitutionally in entering judgment* <u>Hays v. Louisiana Dock Co.</u>, *452 N.E,2d,*

   *1383 III App. 5th Dist. 1983)' (emphasis added)*

16.     That in deciding **Basso, supra,** our United States Supreme Court Held, that **jurisdiction can be raised at any time during the proceedings, even following a final order, or for the first time on appeal.**

**17.**     **Basso, supra,** further Held, that **jurisdiction cannot be waived and cannot be consented to by the parties,** establishing that petitioners jurisdictional claim as **raised herein is prima facie,** and arbitration award must be vacated, modified or corrected as a matter of law, prohibiting this Honorable Court from granting respondent cross for certification of arbitration award.

18.     Respondent counsel is seeking relief in their cross for certification, which simply cannot be granted by this Honorable Court, and court must deny respondent cross.

## ARBITRATOR EXCEEDED AUTHORITY IN REWRITING THE CONTRACT AND IGNORING PLAIN LANGUAGE OF THE CONTRACT ON PETITIONER'S BREACH OF CONTRACT CLAIM

19. That the BSA **clearly and unequivocally** states that Notice is mandatory to the termination of the contract between the parties, and respondent amazon, failed to give respondent prior notice, as made indispensable under the plain language of the contract between the parties.

20. That respondent amazon abrogating the contract between the parties, unilaterally terminated the contract between the parties without notice made indispensable under the contract and caused the respondent to suffer millions of dollars in damages, effectively throwing a switch over night, without mandatory notice , or any stated cause whatsoever, putting the petitioner out of business of nine years that petitioner developed as a participant in the amazon, third party internet platform.

21. That following the termination of contract by respondent amazon, for the purpose of arbitration respondent amazon fabricated cause, which was never given to the petitioner prior to termination of the contract.

22. That an **unenlightened arbitrator**, ignored the plain language of the contract between the parties, and exceeded her authority as an arbitrator in doing so, mandating petitioner relief to wit vacate, modify or correct award, and direct rehearing de novo, before the court in an action to be filed, for Breach of Contract,

in the United States District Court, taking jurisdiction over all related controversies, **consistent with the entire controversy doctrine**, holding that all related issues must be decided in a single action, by a single court, (emphasis mine), and deny respondent cross to certify arbitration award.

23.   The purpose of the entire controversy doctrine is to ensure that related claims and matters arising among related parties are adjudicated together rather than in separate, successive, fragmented, or piecemeal litigation.

24.   Additionally, the respondent amazon, violated the doctrine of **'good faith and fair dealing'**, prohibiting parties to a contract from causing harm to one another, or impeding a party from the full benefit of the contract.

25.   That petitioner has a prima facie claim that arbitrator exceeded her authority, and entered a fatally flawed arbitration award mandating respondent cross for certification of arbitration award to be denied by this Honorable Court.

### RESPONDENT FAILED TO COMPLY WITH DISCOVERY REQUESTS BY PETITIONER CAUSING PETITIONER TO BE AMBUSHED

26.   That respondent amazon failed to release discovery material to the petitioner during discovery stage, and arbitrator stated she was not a court and could not compel production.

27.   That respondent amazon failure to produce and release discovery material to petitioner subjected petitioner to **arbitration by ambush**, in withholding discoverable material from petitioner, causing petitioner to suffer prejudice, with the arbitrator claiming helplessness during petitioner challenge to respondent amazon non-compliance, with arbitrator claiming she was not a court, and could not compel amazon.

28.   That arbitrator should have sanctioned the respondent and did not, and petitioner reserved right to submit claim on review by this Honorable Court.

29.   That discoverable material as requested by petitioner from amazon was indispensable to petitioner marshalling his best defense, and rendered the arbitration proceedings unfair and not consistent with due process entitlement of the petitioner, and arbitration award must be vacated, modified or corrected, and respondent cross to certify the arbitration award must be denied by this Honorable Court.

## CONCLUSION

30.   The arbitration proceedings afforded the petitioner were inconsistent with fundamental due process and tainted by error, not even arbitrator identified jurisdiction bar to arbitrator proceeding over federal statutory claims of anti-trust law violations.

31.     That the arbitrator exceeded her authority as an arbitrator not only in deciding a federal question on anti-trust law claims, exclusively reserved for district court review, but moreover when arbitrator 'rewrote' the contract between the parties (BSA), ignoring the plain language as stated therein mandating 'NOTICE' prior to termination of petitioner third party internet sales platform which he had successfully built and maintained with respondent amazon for more than 9 years and awoke one morning to discover his amazon business platform shut down and terminated in the dark of night by respondent, without any stated cause, or notice whatsoever.

32.     That while petitioner acknowledges that the parties could terminate the contract between the parties without stated cause, the respondent falsely claims they gave petitioner cause, which they unequivocally did not, but instead simply threw a switch and shut petitioner online business down, causing the petitioner to suffer substantial financial injury, with respondent only stating cause for the first time in their arbitration submissions.

33.     That respondent refusal to comply with discovery requests by the petitioner, rendered the entire proceeding unfair, turning it into an arbitration by ambush, in violation of petitioner's due process right to a **'fair and impartial'** proceeding to be heard.

WHEREFORE, petitioner respectfully requests that this Honorable Court vacate arbitration award pertaining to arbitrator's decision on federal question of anti-trust

law violations which are exclusive to the District Court, and where arbitrator is without any subject matter jurisdiction or jurisdiction in persona, on anti-trust law claims, and arbitration award cannot be certified by the court for want of jurisdiction, and must be vacated as a matter of law, and,

Court must vacate arbitration award in its entirety, where petitioner was deprived of due process, and a fair and impartial arbitration proceeding, where respondent refused to provide indispensable discoverable material, subjecting the petitioner to an arbitration proceeding by ambush, and where the arbitrator did not compel production of discoverable material by Respondent, and exceeded her authority as an arbitrator in rewriting the contract between the parties, and failing to enforce the contract as written, establishing grounds to vacate the arbitration award in its entirety, and deny Respondent cross for the court to certify the arbitration award.

Respectfully submitted,

*Vincent Spata* /LS/

_____

Vincent F. Spata Attorney at Law PLLC

Vincent Spata Esq. (VS5030)

1274 74th Street

Brooklyn, NY 11228

12.