UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JACOB KELLNER,                                      :
                                                    :
                              Petitioner,           :
                                                    :
                                                    :          **REPORT &**
                 -against-                          :          **RECOMMENDATION**
                                                    :
                                                    :          1:20-CV-06322 (AMD)(PK)
AMAZON   AND   AMAZON   OFFICERS,  :
DIRECTORS AND SHAREHOLDERS,                          :
                                                    :
                              Respondents.          :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Jacob Kellner petitions the Court to modify and vacate an arbitration award entered against

Amazon and Amazon Officers, Directors, and Shareholders ("Amazon"),[1] pursuant to the Federal

Arbitration Act ("FAA").  ("Petition," Dkt. 3.)  Amazon cross-petitions to confirm the arbitration

award. ("Cross-Petition," Dkt. 11.)  The Honorable Ann M. Donnelly referred the Petition and Cross-

Petition to the undersigned for a Report and Recommendation.  (Order dated June 4, 2021.)  For the

reasons set forth below, the undersigned respectfully recommends that the Petition be DENIED and

that the Cross-Petition be GRANTED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Kellner is the President of I&L Distributing, Inc.  (Petition at 1 (page numbers refer to ECF

pagination).)  He and Amazon entered into a contract which governed his ability to sell his products

on the online Amazon store. (Amazon Services Business Solutions Agreement ("BSA"), Ex. A to

Declaration of Geoffrey S. Brounell ("Brounell Decl."), Dkt. 11-3.)  The BSA permits either party to

--------

[1] Amazon.com Services LLC, successor to Amazon Services, LLC, entered an appearance as the correct party.
*See* Cross-Petition at 1, n. 1.

terminate the agreement "for any reason at any time," specifying that Amazon "may terminate or suspend this Agreement or any Service for any reason at any time by notice to [Kellner]."  (BSA § 3.) It also contains a provision that "any dispute with Amazon…or claim relating in any way to this Agreement…will be resolved through binding arbitration" to be "conducted by the American Arbitration Association (AAA) under its rules…."  (BSA § 19.)

Amazon terminated Kellner's seller accounts, contending that he violated the BSA and Amazon's Program Policies.  (Memorandum of Law in Opposition to Petition ("Amazon Opp.") at 1-2, Dkt. 11-1.)

On January 8, 2019, Kellner sued Amazon in this Court, asserting claims for violation of the Sherman and Clayton Acts and breach of contract, *Jacob Kellner, et al. v. Amazon*, No. 19-CV-131 (BMC) ("First Kellner Action").  (Brounell Decl ¶ 3, Dkt. 11-2.)

On January 24, 2019, Kellner voluntarily dismissed the First Kellner Action and, on March 21, 2019, commenced an arbitration proceeding against Amazon, asserting the same claims.  (Brounell Decl. ¶¶ 5-7; Initial Demand for Arbitration, Ex. B to Brounell Decl., Dkt. 11-4; Additional Statement of Demand, Ex. C to Brounell Decl., Dkt. 11-5.)

The Honorable Carol E. Heckman was selected as the arbitrator (the "Arbitrator").  (Brounell Decl. ¶ 10; Notice of Appointment, Ex. F to Brounell Decl., Dkt. 11-8.)  The parties agreed to proceed without an evidentiary hearing or live witness testimony, and the Arbitrator ordered the parties to exchange documents.  (Order No. 1 and Report of Preliminary Hearing at 1, Ex. G to Brounell Decl., Dkt. 11-9.)  Kellner served interrogatories and demands for document production "pursuant to Rule 56 of the Federal Rules of Civil Procedure" (Plaintiff's Interrogatories at 2 (page number refers to ECF pagination), Ex. H to Brounell Decl., Dkt. 11-10), to which Amazon objected.  The Arbitrator reviewed filings, held oral argument and permitted additional briefings by the parties.

In an order dated March 9, 2020 ("Order No. 2"), the Arbitrator issued written discovery rulings. She stated, "As an initial matter, I note that the governing rules include Rule 22 of the AAA Commercial Rules, not the Federal Rules of Civil Procedure, which gives broad discretion to the arbitrator to manage discovery." (Order No. 2 at 2, Ex. I to Brounell Decl., Dkt. 11-11.) Regarding the substance of discovery, the Arbitrator noted that Kellner "withdrew all requests for interrogatories and the requests to produce numbers 5, 6 and 7." (*Id.* at 1.) She found that "Request No. 1 is not a request," and Request No. 2 was complied with. (*Id.*) Of the remaining disputes, she ruled that Kellner's Request No. 3 for "all complaints against Amazon filed by consumers alleging wrongful termination by Amazon of store platform accounts" and his Request No. 4 for "all complaints filed by any consumer or commercial party alleging that Amazon violated federal anti-trust laws" were "burdensome and seek material that is not directly relevant to whether [Kellner's] termination was lawful." (*Id.* at 2-3.) In addition, she found that "to the extent that such complaints are publicly available, the requests seek information that would be available through a search of public records." (*Id.* at 3.) The Arbitrator found that Request No. 8 for "court settlements reached between Amazon and any seller of Amazon store platforms" sought "material that is confidential and protected from disclosure by the terms of such out of court settlements." (*Id.* at 2-3.) Accordingly, she sustained Amazon's objections to all three of these discovery requests. (*Id.* at 3.)

The parties then filed written submissions, and the Arbitrator issued the Award on December 1, 2020. (Final Arbitration Award ("Award"), Ex. M to Brounell Decl., Dkt. 11-15; Brounell Decl. ¶ 19.) The Arbitrator found that Amazon's termination of Kellner was not a violation of the antitrust acts. (Award at 5.) She also found that Kellner's claim that Amazon breached the BSA by terminating Kellner's seller accounts without notice was "without merit" and that "there were multiple communications between the parties regarding account suspensions, policy violation warnings, appeals, reinstatements and continued violations." (*Id.* at 5-6.) Finally, she found that Kellner could

not prevail on a claim for breach of duty of good faith because no such independent cause of action

exists under Washington law, which governs under the contract.   (Award at 4, 6-7.)

On December 29, 2020, Kellner filed the Petition, seeking to vacate the Award pursuant to 9

U.S.C. § 10, or in the alternative, to correct or modify the Award pursuant to 9 U.S.C. § 11.  (*See*

Petition at 5.)

On March 19, 2021, Amazon opposed the Petition and filed the Cross-Petition to confirm the

Award pursuant to 9 U.S.C. § 9.  (Cross-Petition.)  On May 2, 2021, Kellner filed his reply in opposition

to the Cross-Petition ("Kellner Reply," Dkt. 16) and on June 3, 2021, Amazon filed its reply in support

of the Cross-Petition ("Amazon Reply," Dkt. 17).

## LEGAL STANDARDS

Pursuant to Section 9 of the FAA, this Court "must" confirm the Arbitration Award "unless"

there is a legitimate basis to vacate, modify, or correct that award "as prescribed in sections 10 or 11

of [the FAA]."  *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citing 9 U.S.C. § 9).  It

is well established that an arbitrator's decision is given great deference by the Courts.   Arbitration

awards are subject to "very limited [review] in order to avoid undermining the twin goals of arbitration,

namely, settling disputes efficiently and avoiding long and expensive litigation."   *Telenor Mobile*

*Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) (citation omitted).  The party challenging

an arbitration award bears the heavy burden of proving the existence of grounds for vacatur.  *Rich v.*

*Spartis*, 516 F.3d 75, 81 (2d Cir. 2008).

Section 10 of the FAA specifies grounds for the court to vacate an arbitration award, including,

as relevant here, where there was "evident partiality" in the arbitrator, 9 U.S.C. § 10(a)(2), where the

arbitrator was "guilty of misconduct … in refusing to hear evidence pertinent and material to the

controversy," 9 U.S.C. § 10(a)(3), or where the arbitrator "exceeded [her] powers, or so imperfectly

executed them that a mutual, final and definite award upon the subject matter submitted was not made," 9 U.S.C. § 10(a)(4).

Under 9 U.S.C. § 10(a)(2), "[e]vident partiality may be found only 'where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.'" *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012) (quoting *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir. 2007)). "[A]n arbitrator is disqualified only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." (*Id.* at 72 (quoting *Applied Indus. Materials*, 492 F.3d at 137 (emphasis in original)).) "The burden of proving evident partiality 'rests upon the party asserting bias.'" *Id.* (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 700 (2d Cir. 1978).) The party challenging the arbitration award "must prove evident partiality by 'clear and convincing evidence.'" *Nat'l Football League Mgm't Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 106 (2d Cir.2013)). "Mere speculation" and "mere appearance of bias" are not sufficient; the bias must be actual, direct and definite. *Sofia Shipping Co. v. Amoco Transport Co.*, 628 F. Supp. 116, 119-20 (S.D.N.Y. 1986) (citation omitted). Courts employ a case-by-case approach in determining whether an arbitrator has acted partially, and may consider factors such as "(1) the extent and character of the personal interest, pecuniary or otherwise, of the arbitrator in the proceedings; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of that relationship to the arbitrator; and (4) the proximity in time between the relationship and the arbitration proceeding." *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 475 (S.D.N.Y. 2016) (quoting *Scandinavian Reins. Co.*, 668 F.3d at 74). "'[A]dverse rulings alone rarely evidence partiality.'" *Id.* (quoting *Scandinavian Reins. Co.*, 668 F.3d at 75).

Section 10(a)(3) permits vacatur of an arbitral award if there is misconduct in refusing to hear evidence pertinent and material to the controversy.  Although not required to hear all evidence proffered by a party, an arbitrator must give each party "an adequate opportunity to present its evidence and argument." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (citation and quotation omitted).  However, a court applying this provision "is restricted to determining whether the procedure was fundamentally unfair."  *Id.*  "The misconduct must amount to a denial of fundamental fairness of the arbitration proceeding in order to warrant vacating the award."  *Id.* (quoting *Concourse Beauty School, Inc. v. Polakov*, 685 F. Supp. 1311, 1318 (S.D.N.Y. 1988).  *Cf. LJL 33rd Street Associates, LLC v. Pitcairn Properties Inc.*, 725 F.3d 184, 195 (2d Cir. 2013) (reversing district court's vacatur of arbitration award under 9 U.S.C. § 10(a)(3) because exclusion of exhibits was within bounds of arbitrator's permissible discretion and "did not impair the 'fundamental fairness' of the proceeding" (quoting *Tempo Shain Corp.*, 120 F.3d at 20)).

An arbitrator exceeds her authority under Section 10(a)(4) only if she (1) considers issues beyond those the parties have submitted for her consideration, or (2) reaches issues clearly prohibited by law or by the terms of the parties' agreement. *Anthony v. Affiliated Computer Servs., Inc.*, 621 F. App'x 49, 51 (2d Cir. 2015) (citation and quotations omitted).  The Second Circuit has "consistently accorded" Section 10(a)(4) "the narrowest of readings."  *Id.* (quoting *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 122 (2d Cir. 2011)).

Section 11 of the FAA permits the court to "modify and correct" an arbitration award, "so as to effect the intent thereof and promote justice between the parties."  Grounds for such modification or correction exist where there was "an evident miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award," 9 U.S.C. § 11(a),  where the arbitrator has "awarded upon a matter not submitted to [her], unless it is a matter not affecting the merits of the decision upon the matter submitted,"  9 U.S.C. § 11(b), or where "the award is

6

imperfect in matter of form not affecting the merits of the controversy," 9 U.S.C. § 11(c). "Section 11(a) does not permit modification where the award is not the result of some careless or obvious mathematical mistake, but rather the disposition of a substantive dispute that lays at the heart of the arbitration." *Gold v. Opera Sols., LLC,* No. 16-CV-8121 (JPO), 2017 WL 3267770, at \*3 (S.D.N.Y. Aug. 1, 2017) (quotation omitted). A court may not modify an arbitration award "simply because it believes the arbitrator incorrectly interpreted a contract." *Foster Wheeler Env't Corp. v. EnergX TN, LLC,* No. 13-CV-1178 RA, 2014 WL 982857, at \*5-6 (S.D.N.Y. Mar. 13, 2014). "Evident material mistakes include clerical and typographical errors, or other mistakes that do not implicate a substantive dispute." *Chen v. Kyoto Sushi, Inc.*, No. 15-CV-7398 (DLI)(RER), 2021 WL 1224377, at \*4 (E.D.N.Y. Apr. 1, 2021).

In addition to these statutory provisions for vacating, correcting or modifying an arbitration award, the Second Circuit has held that an award may also be vacated if it exhibits a "manifest disregard" of the law or of the parties' relevant agreement. *Tully Constr. Co.*, 684 F. App'x at 26 (citation omitted). "The 'manifest disregard' test requires 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.'" *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 13 (2d Cir. 1997). It requires that "the arbitrator 'understood and correctly stated the law but proceeded to ignore it.'" *Id.* (quoting *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 893 (2d Cir. 1985). Vacating an arbitral award for manifest disregard of the law is reserved for "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent but where none of the provisions of the FAA apply." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). It is a "doctrine of last resort." *Id.* Accordingly, "[i]f there is 'even a barely colorable justification for the outcome reached,' the court must confirm the arbitration award" under the FAA. *Willemijn Houdstermaatschappij*, 103 F.3d at 13 (quoting *Andros Compania Maritima, S.A.*, 579 F.2d at 704).

## DISCUSSION

### I.   Petition to Vacate or Modify the Award

#### 1.   *There Was No Evident Partiality*

Kellner argues that there was evident partiality in the Arbitrator due to her handling of his discovery demands.  (Petition at 7.)  In particular, Kellner claims that the Arbitrator "stated she did not have authority or means to compel compliance by [Amazon]," and that her "decision not to compel production of indispensable discovery material as demanded by [Kellner] was arbitrary and capricious."  (*Id.*)

Kellner's assertion that the Arbitrator stated she lacked authority to compel compliance by Amazon is factually inaccurate.  Kellner points to no part of record where the Arbitrator makes such a statement.  While the Arbitrator noted that Kellner, in support of his discovery requests, incorrectly invoked the Federal Rules of Civil Procedure, which are only applicable in federal court, she did not "claim[] helplessness" or that she "did not have authority" to compel discovery compliance.  (*See* Order No. 2 at 2; Petition at 7; Kellner Reply at 10.)  Rather, the Arbitrator acknowledged that Rule 22 of the AAA Commercial Rules applies here and gave her "broad discretion" to manage discovery.  (Order No. 2 at 2; *see also* BSA ¶ 19.)  She then exercised that discretion and authority when she considered Kellner's document requests, as well as Amazon's objections, and issued rulings on the outstanding requests.  (Order No. 2 at 2 ("What follows are the rulings on Requests 3, 4 and 8").)  There is no indication whatsoever that the Arbitrator inappropriately failed to exercise authority.

Kellner has also offered no evidence—let alone clear and convincing evidence—that the Arbitrator acted in a partial or biased manner.    Kellner has not alleged that the Arbitrator has any personal interest, pecuniary or otherwise, in the proceeding or any relationship to Amazon that would create bias or partiality.

The Arbitrator's handling of the proceedings also shows no sign of partiality.  The Arbitrator considered both parties' positions before sustaining Amazon's objections to Kellner's request to compel discovery.  She held oral argument on Kellner's discovery requests and Amazon's objections. (Order No. 2 at 1; Brounell Decl. ¶ 14.)  She permitted the parties to file additional papers in support of their positions.  (Order No. 2 at 1.)  She then considered both parties' briefings and oral arguments before issuing an order sustaining Amazon's objections and explaining her basis for doing so.  (Order No. 2 at 3; Brounell Decl. ¶¶ 14-15.)

The Arbitrator's rulings against Kellner alone do not support a finding that she was partial or biased.  *See Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers Local Union*, No. 580, 813 F.2d 562, 565 (2d Cir. 1987) ("the fact that the arbitrator found in favor of the Union clearly does not satisfy [petitioner's] burden of showing partiality"); *Nat'l Indem. Co.*, 164 F. Supp. 3d at 481 n.28 (finding that arbitrator's disagreement with party's position and adverse rulings against a party do not indicate unfair bias), *aff'd*, 675 Fed. Appx. 89 (2d Cir. 2017).

Accordingly, Kellner has failed to show that there was evident partiality in the Arbitrator.

## 2.   **The Arbitrator Did Not Refuse to Hear Pertinent and Material Evidence**

Kellner argues that the Arbitrator, "in failing to compel discovery as demanded by [Kellner]" effectively refused to hear evidence pertinent and material to the controversy, such that the Award should be vacated pursuant to 9 U.S.C. § 10(a)(3).[2]  (Petition at 7.)  He also claims that the Arbitrator's failure to compel discovery deprived him of "a full fair impartial arbitration proceeding consistent with due process," resulting in "arbitration by 'ambush', in violation of fundamental due process rights." (*Id.* at 2.)

---

[2] Kellner also requests that Amazon be "sanctioned for failure to comply and produce discovery material as demanded by [Kellner]" (Petition at 8), but there is no provision in the FAA for the Court to impose a sanction on a party who acted in compliance with an arbitrator's discovery ruling.

Kellner fails to identify any pertinent and material *evidence* which the Arbitrator refused to hear. He contends, however, that the Arbitrator's rulings on his discovery requests amounted to a refusal to hear any evidence he could have obtained from that discovery.  This argument lacks merit.

The Arbitrator provided reasonable bases for denying Kellner's discovery requests.  She denied his requests for complaints by other consumers against Amazon for wrongful termination of store platform accounts or for antitrust laws, based on her finding that production would require a review of millions of communications, and that complaints by other parties were "not directly relevant to whether [Kellner's] termination was lawful."  (Order No. 2 at 3.)  Moreover, the Arbitrator's denial of these discovery requests did not prevent Kellner from obtaining publicly available complaints from public sources.  (*Id.*)  There is no indication that Kellner obtained such records or sought to submit evidence of any such complaints for consideration in the arbitration.

The Arbitrator also denied Kellner's request for out of court settlements between Amazon and other third party sellers because such material was protected by confidentiality.  (*Id.* at 3.)  Kellner fails to demonstrate that this was not a reasonable basis for denying his request.  *Contra Tempo Shain*, 120 F.3d at 20 (finding "no reasonable basis for the arbitration panel to determine that [the] omitted testimony would be cumulative;" thus, "the panel excluded evidence plainly 'pertinent and material to the controversy'" (quoting 9 U.S.C. § 10(a)(3).)

Kellner also claims that the Arbitrator's failure to compel discovery resulted in "arbitration by 'ambush.'"  (Petition at 2.)  However, there is no indication that Amazon was permitted to submit evidence that was not already produced to Kellner or that he was not aware of. *Cf. Owoyemi v. JPMorgan Chase & Co.*, No. 10-CV-6001 (DLI)(JO), 2014 WL 3809799 at *5 (E.D.N.Y. July 31, 2014) (rejecting petitioner's claim that he was ambushed when respondent was allowed to introduce evidence that was held back for several months).

The undersigned finds that the Arbitrator's denial of Kellner's discovery requests did not amount to a denial of fundamental fairness in the proceeding such that the Award should be vacated. Accordingly, the Arbitrator was not "guilty of misconduct… in refusing to hear evidence pertinent and material to the controversy" under 9 U.S.C. § 10(a)(3).

### 3.   *The Arbitrator Did Not Exceed Her Powers*

Kellner argues that the Arbitrator exceeded her powers by arbitrating Kellner's antitrust claim because the Arbitrator "did not have subject-matter-jurisdiction to hear or decide claims raised under the anti-trust laws of the United States, (Sherman/Clayton Act), and the parties could not waive subject-matter-jurisdiction."   (Petition at 8.)   He also claims that she exceeded her powers by "rewriting" the BSA.  (Kellner Reply at 8.)

It is well-settled that claims brought under the Sherman and Clayton Acts may be arbitrated. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634-640 (1985); *see also JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 175 (2d Cir. 2004) (finding a "firm basis for the conclusion that [petitioner's] claims regarding a conspiracy among the Owners in violation of the Sherman Act are arbitrable").  Thus, Kellner's argument that the Arbitrator lacked "jurisdiction" to decide his antitrust claim is meritless.[3]

Kellner also argues that the Arbitrator "exceeded her authority" by "ignor[ing] the plain language of the contract between the parties…." (Kellner Reply at 8.)  However, interpretation of the BSA was not beyond the issues submitted to arbitration.  Rather, it was a central component of the

---

[3] Kellner's argument on this point is all the more puzzling because he was the party who raised the antitrust claim in arbitration.  He tries to explain why he did this by claiming that Amazon's counsel misled him into withdrawing the First Kellner Action when he initially brought the claim in federal court, by informing him that the BSA "made it mandatory that all controversies including BSA controversies and claimed violations of United States anti-trust laws must be submitted to binding arbitration as per the BSA."  (Kellner Reply at 4-5.) However, this was not a misrepresentation because the BSA does require that all disputes must be resolved through binding arbitration. (BSA § 19.)  Moreover, Kellner did not contest the scope or applicability of the arbitration clause, choosing instead to voluntarily withdraw his claims from federal court.

11

breach of contract claim which Kellner submitted for arbitration. And consideration of this issue was neither prohibited by law nor excluded by the BSA. *Cf. Anthony*, 621 F. App'x at 51.

Accordingly, the Arbitrator did not "exceed" her authority under 9 U.S.C. § 10(a)(4) by deciding Kellner's antitrust claims or by interpreting the language of the BSA.

## II.    Modifying the Award Under 9 U.S.C. § 11

Kellner argues that the Award should be modified or corrected under 9 U.S.C. § 11, contending that the Arbitrator "ignored the plain language of the contract between the parties" which mandated "indispensable" notice by Amazon to Kellner before terminating his seller status on the internet platform. (Petition at 9.)

Kellner's argument for modification of the Award involves a substantive central dispute of contract interpretation. Whether the Arbitrator properly interpreted the plain language of the BSA is not the kind of clerical or typographical error which permits modification of the Award pursuant to Section 11(a). *Gold*, 2017 WL 3267770, at *3; *Foster Wheeler Env't Corp.*, 2014 WL 982857, at *5-6; *Chen*, 2021 WL 1224377, at *4. Nor is it a challenge to the imperfection of the form of the Award "not affecting the merits of the controversy" under 9 U.S.C. § 11(c).

Kellner also appears to allege that the Arbitrator has "awarded upon a matter not submitted to [her]." 9 U.S.C. § 11(b). However, both the breach of contract claim, which necessarily involved interpretation of the BSA, and the claim alleging antitrust violations were submitted to the Arbitrator. Kellner points to no matter outside these on which the award was based.

Accordingly, there is no basis under 9 U.S.C. § 11 to correct or modify the Award.

## III.    Manifest Disregard of the Law

Out of an abundance of caution, the undersigned considers whether the Arbitrator's decision was in manifest disregard of the law. As discussed above, the Arbitrator did not manifestly disregard the law by deciding the antitrust claim. Antitrust claims are not precluded by law from being submitted

to arbitration.  As to the breach of contract claim, while Kellner claims that the Arbitrator ignored the plain language of the BSA requiring notice, she specifically found that Amazon did provide multiple instances of notice to Kellner before terminating his seller accounts.  To the extent that he argues that the Arbitrator's finding was unsupported by the record, "this Circuit does not recognize manifest disregard of the evidence as [a] proper ground for vacating an arbitrator's award." *Tully Constr. Co.*, 684 F. App'x at 26 (citation omitted).  There is, thus, nothing in the record to suggest that there is no "colorable justification" for the Arbitrator's decision.  *See id.* at 27.

Accordingly, there was no manifest disregard of the law such that the Award should be vacated.

**IV.**     **The Cross-Petition to Confirm the Arbitration Award Under 9 U.S.C. § 9**

Amazon cross-petitions the Court to confirm the Award under 9 U.S.C. § 9. (*See* Cross Petition.)

Under the FAA, there is a presumption that the Court will confirm the arbitration award under 9 U.S.C. § 9 unless the award may be vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11.  *Hall St. Assocs. L.L.C.*, 552 U.S. at 582.  As discussed above, the undersigned finds no basis for vacating, correcting or modifying the Award under 9 U.S.C. §§ 10 and 11 or under a manifest disregard of the law standard.  Accordingly, the Award must be confirmed.

**CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the Court deny the Petition, grant the Cross-Petition and confirm the Award.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge


Dated:    Brooklyn, New York
          March 1, 2022