UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

                                                        :

**JACOB KELLNER**,

                                                        :

                            Petitioner,         :

                                                            :  **MEMORANDUM DECISION AND ORDER**

           – against –                  :

                                                            :  20-CV-6322 (AMD) (PK)

**AMAZON** and **AMAZON OFFICERS, DIRECTORS AND SHAREHOLDERS**,      :

                                                            :

                           Respondents.      :

--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On December 29, 2020, the petitioner filed a petition seeking to vacate an arbitration award pursuant to 9 U.S.C. § 10, or to correct or modify the award pursuant to 9 U.S.C. § 11. (ECF No. 1.)  On March 19, 2021, the respondents filed their opposition, as well as a cross-petition to confirm the award pursuant to 9 U.S.C. § 9.  (ECF No. 11.)  I referred both petitions to the Honorable Peggy Kuo.

On March 1, 2022, Magistrate Judge Kuo recommended that I deny the petitioner's petition and grant the respondents' cross-petition.  (ECF No. 18.)  The petitioner filed a timely objection on March 10 (ECF No. 20), and the respondents replied on March 24, 2022.  (ECF No. 21.)  For the reasons set forth below, I adopt Judge Kuo's characteristically thorough and well-reasoned Report and Recommendation ("R&R") in its entirety.

## BACKGROUND

The petitioner did not object to Judge Kuo's recitation of the facts and procedural history of this case.  (*See* ECF No. 18 at 1-4.)  Accordingly, I adopt those facts.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R&R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted). The court must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

**DISCUSSION**

The petitioner seeks an order vacating the arbitration award under 9 U.S.C. § 10. "The FAA's limited bases for vacating an arbitration award include instances where the award was procured by corruption, fraud, or undue means; where there was evident partiality on the part of the arbitrator; where the arbitrator was guilty of misconduct in refusing to hear evidence material to the controversy; or where the arbitrator exceeded [her] power." *Roy v. Buffalo Philharmonic*

2

*Orchestra Soc'y, Inc.*, 682 F. App'x 42, 44 (2d Cir. 2017) (citing 9 U.S.C. § 10(a)).  In the

alternative, the petitioner seeks an order under 9 U.S.C. § 11, which provides that a court may

modify or correct an award if it finds that "there was an evident material miscalculation of

figures or an evident material mistake in the description of any person, thing, or property referred

to in the award," that "the arbitrators [ ] awarded upon a matter not submitted to them," or that

"the award is imperfect in matter of form not affecting the merits of the controversy."

## I.       Petition to Vacate the Award

### a.       Discovery

The petitioner claims that he was "deprived of 'Critical Discovery'" because "Amazon

refused to comply with 'Petitioner Discovery Request[s].'"  (ECF No. 20 ¶¶ 17-18.)  According

to the petitioner, the arbitrator "assert[ed] that there was nothing that [she] could do to Compel

Discovery, since [she] was not a court or a judge." (*Id.*)  Because the petitioner merely repeats

the same arguments he made in his petition (*see* ECF No. 3 ¶¶ 8-11 (alleging that Amazon did

not comply with discovery requests, and that the arbitrator stated she lacked the authority to

compel discovery)), I review the corresponding portion of the R&R only for clear error.  *See Pall*

*Corp.*, 249 F.R.D. at 51; *Ricciardi v. Colvin*, No. 15-CV-2715, 2017 WL 4011243, at *3

(E.D.N.Y. Sept. 12, 2017) ("The Plaintiff does not point to any legal error; he merely disagrees

with the conclusions of the R&R and reargues his initial points in support of his objections.

Therefore, the Court reviews the R&R for clear error.").

The petitioner argued in his petition that the arbitrator demonstrated evident partiality in

addressing discovery demands, and in denying the petitioner's requests to compel discovery; the

petitioner claimed that her decisions amounted to a refusal to hear evidence pertinent and

material to the controversy.  (ECF No. 20 ¶¶ 8-9.)  In rejecting the petitioner's challenges, Judge

Kuo cited the arbitration record extensively and applied the correct legal standards to determine

3

whether the arbitrator showed evident partiality or committed misconduct in refusing to hear evidence.  Because there was no error in Judge Kuo's well-reasoned analysis, I adopt this portion of the R&R.[1]

> **b.       Arbitrability of Antitrust Claims**

The petitioner argues that the arbitrator did not have jurisdiction over his antitrust claims.[2]  Specifically, he maintains that "according to well settled Congressional intent[,] it is the United States District Court that maintains Exclusive Jurisdiction over all Federal Antitrust Suits and it cannot be replaced[] by an Arbitrator."[3]  (*Id.* ¶ 32 (internal quotation marks omitted).)  As explained above, the petitioner made this argument in his initial petition to vacate or modify the award (*see* ECF No. 3 ¶¶ 5, 12-13), so I may apply the clear error standard of review.

The petitioner's arguments are meritless under any standard.  As Judge Kuo explained, "[i]t is well-settled that claims brought under the Sherman and Clayton Acts may be arbitrated." (ECF No. 18 at 11 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634-640 (1985) and *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 175 (2d Cir. 2004))); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (recognizing that antitrust claims "have [been] found to be arbitrable").  The petitioner does not cite any cases that hold otherwise, and does not distinguish his antitrust claims from those that courts have

---

[1] The petitioner argues, for the first time in his objection to the R&R, that the COVID-19 pandemic "prevented in-person appearances and restricted arguments to writing and submission," which "depriv[ed] the Petitioner of indispensable face-to-face examination and cross examination of Respondent Amazon witnesses."  (ECF No. 20 ¶ 20 (internal quotation marks omitted).)  Because this is a new argument that could have been presented to the magistrate judge in the first instance, I do not consider it.  *See Brown*, 2012 WL 511581, at *1; *Mallek v. Allstate Indem. Co.*, No. 17-CV-5949, 2018 WL 3629596, at *3 (E.D.N.Y. July 31, 2018).

[2] As the respondents note, "[m]uch of the argument in [the petitioner's] Objections is focused on whether litigants may waive subject matter jurisdiction," an issue that is not in dispute.  (ECF No. 21 at 11 n.4; *see* ECF No. 20 ¶¶ 23-25, 27-31.)

[3] The petitioner concedes that the "parties agreed to Arbitrate the Controversy and the Controversy included" antitrust claims.  (ECF No. 20 ¶ 3.)

4

found to be arbitrable.[4]  Because the petitioner's argument fails even under the more stringent *de novo* standard of review, I adopt this portion of Judge Kuo's R&R.

## II.     Remainder of R&R

The petitioner does not challenge Judge Kuo's conclusion that "there is no basis under 9 U.S.C. § 11 to correct or modify the [a]ward."  (ECF No. 18 at 12; *see* ECF No. 20 ¶ 33 (arguing that the award "must be vacated, set-aside and overturned in its entirety").)  Nor does he object to her finding that the arbitration award was not in manifest disregard of the law (ECF No. 18 at 12-13), or that the award must be confirmed absent a basis to vacate or modify the award.  (*Id.* at 13.)  I find no errors in these portions of the R&R, and adopt them in their entirety.

---

[4] The petitioner cited *Blumenstock Bros. Advert. Agency v. Curtis Pub. Co.*, 252 U.S. 436, 440-41 (1920), in his opposition to the respondents' cross-petition, for the proposition that federal courts have exclusive jurisdiction over antitrust claims.  (ECF No. 16 ¶ 8.)  However, that case was decided before Congress enacted the Federal Arbitration Act in 1925, and does not address the arbitrability of antitrust claims.

## CONCLUSION

For these reasons, I adopt the Report and Recommendation in its entirety.  The

petitioner's petition to vacate or modify the award is denied, and the respondents' cross-petition

to confirm the award is granted.


**SO ORDERED.**

        s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
      March 29, 2022